**FEDERAL LABOR RELATIONS AUTHORITY, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Washington, D.C., U.S. Department of Justice, Immigration and Naturalization Service, New York District, New York, and Department of Justice, Office of the Inspector General, Washington, D.C., Respondents.**

Docket No. 97–4001.

United States Court of Appeals, Second Circuit.

Argued Feb. 18, 1997.

Finally Submitted March 20, 1997.

Decided Sept. 25, 1997.

Modified on Petition for Rehearing Feb. 5, 1998.

David M. Smith, Solicitor, Washington, DC (William R. Tobey, Deputy Solicitor, Ann M. Boehm, Federal Labor Relations Authority, Washington, DC, on the brief), for petitioner.

Howard S. Scher, Dept. of Justice, Washington, DC (Frank W. Hunger, Asst. Atty. Gen., William Kanter, Dept. of Justice, Washington, DC, on the brief), for respondents.

Before: NEWMAN, KEARSE and FRIEDMAN,* Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This application to enforce an order of the Federal Labor Relations Authority ("FLRA" or the "Authority") concerns the Federal Labor–Management Relations Act ("FLMRA"),[1] 5 U.S.C. §§ 7101–7135 (1994). The issue presented is whether the FLRA correctly ruled that the Office of the Inspector General ("OIG") of the United States Department of Justice ("DOJ") committed an unfair labor practice in violation of the FLMRA by refusing the request of employees of the New York office of the Immigration and Naturalization Service ("INS–NY") to have a union representative present during questioning by OIG agents. The application also presents the preliminary issue of whether the authority of the FLRA to apply the FLMRA to interrogation by OIG agents may be challenged in this enforcement proceeding even though such a challenge was not made before the FLRA after an adverse ruling by an Administrative Law Judge ("ALJ").

These issues arise on the FLRA's application to enforce its July 30, 1996, order determining that unfair labor practices were com-

---

* The Honorable Daniel M. Friedman of the United States Court of Appeals for the Federal Circuit, sitting by designation.

1. The FLMRA is sometimes referred to as the Federal Service Labor–Management Relations Statute or "FSLMRS."

mitted by the OIG, the DOJ, and the INS–NY. We conclude that the FLRA lacks authority to require an Inspector General to permit federal employees to have a union representative present during questioning except in those rare instances where an OIG agent is conducting interrogation of the sort traditionally performed by agency supervisory staff in the course of carrying out their personnel responsibilities and not interrogating for bona fide purposes within the authority of an Inspector General. We also conclude that we have jurisdiction to make that ruling in this proceeding. We therefore deny the application for enforcement.

## Background

In November 1994 and January 1995, special agents of the OIG of the DOJ sought to question three INS inspectors working at John F. Kennedy International Airport concerning various matters, including an allegation of accepting bribes. In August 1995, OIG agents sought to question three detention officers working at the INS Processing Center in New York City concerning alleged violations of the INS District Director's policy prohibiting detention enforcement officers from purchasing or carrying personal firearms. Some of the INS officers ordered to report for questioning requested union representation at their interrogations. The OIG agents rejected these requests.

The employees' union filed unfair labor practice ("ULP") charges, and the Boston Region of the FLRA issued a notice of complaints and a notice of hearings, alleging that OIG, DOJ, and INS–NY had committed ULPs. After a consolidated hearing, an ALJ found that the OIG had committed a ULP by prohibiting the attendance of a union representative during questioning of employees. *See U.S. Department of Justice et al.,* 1996 WL 560250, at *1 (F.L.R.A. July 30, 1996)

("*DOJ–INS–NY*"). The ALJ also found that the DOJ had committed a ULP by failing to exercise its supervisory authority over the OIG, and that the INS–NY had committed a ULP by failing to inform its employees that they could insist on the attendance of a union representative. The ALJ ordered the three respondents to cease and desist from denying INS employees their right to union representation during interrogation by OIG agents, and also ordered various forms of affirmative relief.

The respondents did not file exceptions with the FLRA. As a result, on July 30, 1996, the FLRA entered an order adopting the ALJ's findings, conclusions, and decision and order. *See id.;* 5 C.F.R. § 2423.29(a) (1997). Thereafter, the FLRA applied to this Court for enforcement of its July 30, 1996, order. After consideration of the respondents' answer to the application, which contested the FLRA's jurisdiction to issue the order, we requested and received briefs from the parties.

## Discussion

### I. Statutory Framework

■■■■ The FLMRA provides generally for collective bargaining between federal agencies and elected representatives of appropriate units of such agencies. *See* 5 U.S.C. §§ 7111–7114. Excluded from the definition of an "appropriate" unit is one that includes

> any employee primarily engaged in investigation or audit functions relating to the work of individuals employed by an agency whose duties directly affect the internal security of the agency, but only if the functions are undertaken to ensure that the duties are discharged honestly and with integrity.

*Id.* § 7112(b)(7).[2] Employees of the OIG are within this exclusion and therefore cannot be

---

**2.** The structure of this provision unfortunately creates a slight ambiguity concerning the referent of the pronoun "whose." Normally, a referent is the closest preceding noun. *See Oneida Indian Nation v. New York,* 860 F.2d 1145, 1167 (2d Cir.1988). However, the pronoun in this instance likely refers to people, and reading the referent to be "agency" would make no sense. If the referent of "whose" is the next closest pre-

ceding noun, "individuals," the provision would exclude only an employee investigating those individuals whose duties affect the internal security of the agency, an unlikely category to be identified. A more reasonable interpretation is that the referent of "whose" is "employee," which means that the provision excludes any employee (a) who is primarily engaged in investigating

members of an appropriate collective bargaining unit. The parties do not appear to dispute that OIG employees are excluded from collective bargaining, though, as we discuss below, they disagree on whether the exclusion of OIG employees from collective bargaining on their own behalf renders them exempt from certain provisions that guarantee protections to other employees who are subject to collective bargaining.

Among the rights accorded a labor organization that has been recognized as the exclusive representative of the employees of an appropriate unit is the right to be represented at "any examination of an employee in the unit by *a representative of the agency* " if the employee "reasonably believes that the examination may result in disciplinary action against the employee" and requests representation. *Id.* § 7114(a)(2)(B) (emphasis added).[3] This protection is the so-called *Weingarten* provision of the FLMRA, paralleling a right of private sector employees guaranteed by section 7 of the National Labor Relations Act, 29 U.S.C. § 157 (1994). *See NLRB v. J. Weingarten, Inc.,* 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975) (upholding NLRB's interpretation of section 7). An agency's denial of the rights protected by the FLMRA is an unfair labor practice, 5 U.S.C. § 7116(a), which may be remedied by the FLRA, *id.* § 7118.

## II. Jurisdiction

■ The FLRA contends that this Court lacks jurisdiction to consider the respondents' contention that agents of the OIG are not "representatives of the agency" within the meaning of section 7114(a)(2)(B) because no exceptions to the ruling of the ALJ were made before the FLRA. It relies on 5 U.S.C. § 7123(c):

agency employees and (b) whose duties directly affect the internal security of the agency.

**3.** The FLMRA provides:
(a)(2) An exclusive representative of an appropriate unit in an agency shall be given the opportunity to be represented at—
. . .
(B) any examination of an employee in the unit by a representative of the agency in connection with an investigation if—

No objection that has not been urged before the Authority, or its designee, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances.

The respondents reply that exceptional circumstances are present in that the FLRA's prior rulings with respect to questioning by OIG agents rendered futile any attempt to persuade the Authority that OIG agents are not "representatives of the agency" within the meaning of section 7114(a)(2)(B).

■ In considering these contentions, we note that the Department of Justice, which is normally quick to assert that private litigants have forfeited their claims on the merits for lack of exhaustion before administrative agencies, has approached this proceeding in a somewhat cavalier manner. First, the DOJ elected not to file with the Authority exceptions to the ALJ's ruling, thereby letting that ruling become the Authority's final decision. Then, the DOJ elected not to pursue its statutory opportunity to petition this Court for review of the Authority's ruling within 60 days. *See* 5 U.S.C. § 7123(a). Instead, the DOJ waited until the FLRA brought this enforcement proceeding, more than five months after the Authority's July 30, 1996, final decision,[4] and only now asserts its opposition to that decision.

Though the DOJ's tactic is both at variance with what it normally demands of private litigants when it has prevailed on the merits, and also entailed the risk of forfeiting its position on the merits, we conclude, with no enthusiasm, that we have jurisdiction to consider the merits. First, we have previously ruled that the "extraordinary circumstances" exception to section 7123(c) excuses a litigant from presenting an issue to the

(i) the employee reasonably believes that the examination may result in disciplinary action against the employee; and
(ii) the employee requests representation.
5 U.S.C. § 7114(a)(2)(B).

**4.** The FLMRA sets no time limit for the Authority's enforcement petition. *See* 5 U.S.C. §. 7123(b); *cf. Buchanan v. NLRB,* 597 F.2d 388, 392 (4th Cir.1979) (no precise time limit for petition to enforce NLRB order).

FLRA where doing so would be futile.[5] *See Overseas Education Association, Inc. v. FLRA,* 961 F.2d 36, 38 (2d Cir.1992). The FLRA has previously made clear its position that section 7114(a)(2)(B) applies to questioning by OIG agents, on the theory that OIG agents are "representatives" of the DOJ, which the FLRA regards as the "agency" for purposes of the *Weingarten* provision. *See United States Department of Justice Office of the Inspector General Washington, D.C., et al.,* 47 F.L.R.A. 1254, 1261 (F.L.R.A.1993); *see also Headquarters National Aeronautics and Space Administration Washington, D.C., et al.,* 50 F.L.R.A. 601, 612 (F.L.R.A. 1995) *("NASA ")* ("The Authority has *long held* that an OIG investigator can, under certain circumstances, be a 'representative of the agency' within the meaning of section 7114(a)(2)(B) of the [FLMRA].") (emphasis added), *petition for enforcement granted sub nom. FLRA v. National Aeronautics and Space Administration,* 120 F.3d 1208 (11th Cir.1997) *("FLRA/NASA ").* The respondents were not required to urge the FLRA to abandon this fully considered position.

■ Second, even though the respondents declined to petition for review, we have jurisdiction, upon the FLRA's petition for enforcement, "of the proceeding and of the question determined therein," 5 U.S.C. § 7123(c). The District of Columbia Circuit has ruled that this provision permits a court considering the Authority's enforcement petition to review a respondent's otherwise available contentions despite the lack of a petition for review. *See FLRA v. United States Department of Commerce,* 962 F.2d 1055, 1057–59 (D.C.Cir.1992). As the D.C. Circuit has noted, the FLRA's judicial review statute does not contain the language of other agencies' review provisions that specify that, in the absence of a timely petition for review, an agency order " 'shall be conclusive in connection with any petition for enforcement

which is filed' " by the agency. *See id.* at 1058 (quoting 29 U.S.C. § 660(b) (review provision for Occupational Safety and Health Commission)).

We therefore proceed to consider the merits.

III. Is Questioning by OIG Agents Subject to Section 7114(a)(2)(B)?

Section 7114(a)(2)(B) requires an opportunity for a union representative to be present at questioning of an employee by "a representative of the agency." The quoted words raise two issues: (a) what entity is the pertinent "agency" and (b) is an OIG agent a "representative" of the pertinent "agency?"

■ (a) *Which is the "agency"?* In the pending case, any one of four entities could arguably be the "agency" for purposes of section 7114(a)(2)(B)—the INS–NY (the immediate unit in which the interrogated employees work), the INS (the entity in which the INS–NY is located), the DOJ (the entity in which the INS is located), or the OIG (the entity whose agents conducted the interrogations).

The FLMRA defines "agency" to mean "an Executive agency," FLMRA § 7103(a)(3), with certain specified exceptions, among which are the Federal Bureau of Investigation, *id.* § 7103(a)(3)(B), and the Central Intelligence Agency, *id.* § 7103(a)(3)(C). Elsewhere in Title 5 of the United States Code, in which the FLMRA is located, "Executive agency" is defined to mean, for purposes of Title 5, "an Executive department, a Government corporation, and an independent establishment." 5 U.S.C. § 105. The "Executive departments" are listed at 5 U.S.C. § 101. The list includes the Department of Justice, but not its constituent components. *Id.* The definition of "Government corporation," *id.*

---

5. In permitting a merits contention, previously rejected by an agency, to be contested in this Court despite lack of presentation to the agency, we have not overlooked the Supreme Court's decision in *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952). Though the Court used rather broad language to assert that presentation of contentions to the agency is required "as a gen-

eral rule" in order to obtain judicial review, that case involved a technical objection (defect in the manner of appointing a hearing examiner) totally unrelated to the merits. We do not understand that decision to have eliminated the "futility" doctrine, which we invoked in *Overseas Education Association, Inc. v. FLRA,* 961 F.2d 36, 38 (2d Cir.1992).

§ 103, does not even arguably apply to any entity involved in this proceeding.

"Independent establishment" is defined, rather unhelpfully, to mean:

(1) *an establishment* in the executive branch (other than the United States Postal Service or the Postal Rate Commission) *which is not an Executive department,* military department, Government corporation, *or part thereof,* or part of an independent establishment; and

(2) the General Accounting Office.

*Id.* § 104 (emphasis added).

Whether this definition of "independent establishment" includes the OIG of a cabinet department is a matter on which three Circuits have divided. The District of Columbia Circuit has concluded that the OIG of the DOJ "plainly qualifies as an 'agency' because it is an 'independent establishment' and 'not an Executive department' (5 U.S.C. § 104(1))." *United States Department of Justice v. FLRA,* 39 F.3d 361, 365 (D.C.Cir. 1994) ("*DOJ/FLRA*"). The Third Circuit has interpreted the definition quite differently, reasoning that " '[i]ndependent establishments' are defined by 5 U.S.C. § 104 in such a way as to exclude any Executive departments *or parts thereof.*" *Defense Criminal Investigative Service v. FLRA,* 855 F.2d 93, 98 (3d Cir.1988) (emphasis added) ("*DCIS/FLRA*"). Based on this interpretation, the Third Circuit upheld the FLRA's view that the pertinent "agency" in a dispute similar to ours was the Department of Defense ("DOD"), and not the component of DOD where the investigated employee worked, the Defense Logistical Agency, nor, apparently, the component where the investigating employee worked, the Defense Criminal Investigative Service, a DOD subdivision under the authority of the OIG of the DOD. *See id.* The Eleventh Circuit has also held that the pertinent "agency" was the parent agency (NASA) in which the component that employed the interrogated employees was located. *See FLRA/NASA,* 120 F.3d at 1213.

On this aspect of the pending controversy, we agree with the Third and Eleventh Circuits. The definition of "independent establishment" excludes "parts" of an Executive department, 5 U.S.C. § 104(1), and the OIG of the DOJ therefore cannot be an "independent establishment," as the D.C. Circuit believed. Since the OIG is not an "independent establishment" and clearly not an Executive department or a Government corporation, it is not an "Executive agency" and therefore not an "agency" within the meaning of the definitional section of the FLMRA.

■ The DOJ contends that the "agency" within the meaning of section 7114(a)(2)(B) is "the agency or agency component that *engages in collective bargaining.*" Brief for Respondents at 19 (emphasis in original). Though the DOJ is certain that that entity is not the OIG, it is not clear as to whether it believes the pertinent entity is the INS-NY, the INS, or the DOJ. The collective bargaining agreement, which we asked the parties to make available to us, indicates that it was executed, on behalf of management, by the INS. The ALJ in the pending case (and the FLRA by adopting the ALJ's ruling) took the position that the "agency" for purposes of section 7114(a)(2)(B) is the parent entity in which the immediate unit employing the interrogated employees is located.[6] *See DOJ–INS–NY,* 1996 WL 560250, at *8; *see also NASA,* 50 F.L.R.A. at 612. That parent entity in this case is the DOJ.

■ We agree with the Third and Eleventh Circuits that the pertinent agency for purposes of section 7114(a)(2)(B) is the department or parent agency employing the interrogated employees (here, the DOJ). *See DCIS/FLRA,* 855 F.2d at 98–100 (pertinent agency is Department of Defense); *FLRA/NASA,* 120 F.3d at 1213 (pertinent

**6.** In seeking to enforce the FLRA's order in this Court, the Authority has advanced only its jurisdictional arguments and has refrained from expressing any view on the merits "at this time." *See* Reply Brief for Petitioner at 10. Our surprise at the DOJ's tactic of not pressing its position on the merits either by filing an objection to the ALJ's ruling before the FLRA or by filing a petition for review with this Court is matched by our surprise at the Authority's suggestion that, despite our request for briefing, it believes it will have some later time to present its views on the merits, even though we are considering its petition for enforcement of its order. In any event, after the filing of our initial opinion, the FLRA's

agency is NASA). That conclusion comports with the statutory definition of "agency."[7]

■ (b) *Is an OIG agent a "representative" of the agency?* The closer question is whether an OIG agent questioning employees of a bargaining unit located within the DOJ can be considered a "representative" of the DOJ for purposes of section 7114(a)(2)(B). The DOJ takes the position that since personnel of the OIG are within the category of employees who may not be included within an appropriate collective bargaining unit, *see* 5 U.S.C. § 7112(b)(7), "the only proper conclusion is that the OIG is not subject to the [FLMRA] *in any respect,*" *see* Brief for Respondents at 14 (emphasis added), and therefore the requirements of section 7114(a)(2)(B) cannot be imposed upon OIG agents. We consider that argument flawed. Congress could well have decided that OIG agents should not be included in bargaining units and yet also have decided that when OIG agents interrogate employees who enjoy the protections of the FLMRA in general and a collective bargaining agreement in particular, the interrogating agents must permit the attendance of a union representative.

The Third and Eleventh Circuits have ruled that an OIG agent employed by a cabinet department (DOJ) or an agency (NASA) is a "representative of the agency" within the meaning of section 7114(a)(2)(B). *See DCIS/FLRA,* 855 F.2d at 100; *FLRA/NASA,* 120 F.3d at 1213. The D.C. Circuit has ruled that section 7114(a)(2)(B) does not apply to interrogation by an OIG agent, *see DOJ/FLRA,* 39 F.3d at 364–68, a conclusion premised on that Circuit's view that only the

OIG itself, rather than the parent cabinet department, might be the "agency" for purposes of section 7114(a)(2)(B), *id.* at 365.

■ In our view, determining whether an OIG agent is a "representative" of the DOJ for purposes of section 7114(a)(2)(B) requires some resolution of the tension between the FLMRA and the Inspector General Act of 1978, 5 U.S.C. app. 3 §§ 1–12 (1994) ("IGA"). A purpose of the FLMRA is to "prescribe certain rights and obligations of the employees of the Federal Government," 5 U.S.C. § 7101(b), and a purpose of the IGA is "to create independent and objective units . . . to conduct and supervise . . . investigations relating to the . . . operations of [federal entities including the DOJ]," 5 U.S.C. app. 3 § 2(1). Subjecting all OIG interrogations of federal employees to all aspects of FLMRA protections would risk impairing the "independent" investigations that OIGs were created to conduct. At the same time, we do not think Congress would have wanted the *Weingarten* protection of the FLMRA to be circumvented by a request from an agency head to have an OIG agent conduct an interrogation of the sort normally handled by agency personnel, an interrogation beyond the scope of OIG functions.[8] We therefore conclude that whether an OIG agent is a "representative" of the DOJ for purposes of section 7114(a)(2)(B) depends on the context in which the interrogation arises. So long as the OIG agent is questioning an employee for bona fide purposes within the authority of the IGA and not merely accommodating the agency by conducting interrogation of the sort traditionally performed by agency su-

---

petition for rehearing has fully informed us of its views on the merits.

7. To this extent, we disagree with the D.C. Circuit, which concluded that the DOJ was not the "agency" within the meaning of section 7114(a)(2)(B) because, in the case reviewed by that Court, the FLRA had dismissed the DOJ as a respondent on the ground that it was not responsible for the OIG's violation. *See DOJ/FLRA,* 39 F.3d at 365. The fact that the DOJ might not have acted in such a way as to be responsible for an unfair labor practice that the FLRA believed the OIG had committed is no indication that the DOJ is not the pertinent "agency" for purposes of determining whether an OIG agent is a "rep-

resentative" of the "agency" within the meaning of section 7114(a)(2)(B).

8. The DOJ seeks to minimize the risk of such possible circumvention by pointing out that an agency could not *assign* an interrogation task to an OIG agent. *See* Respondent's Response to Petition for Rehearing at 10 ("Response"). Though the IGA prohibits "transfer" of "program operating responsibilities" by an agency head to an OIG, *see* 5 U.S.C. app. 3 § 9(a)(2), an agency head remains free to "request" an investigation, as the DOJ acknowledges, *see* Response at 10. However unlikely it might be, such a request could provide an opportunity to overstep the legitimate purposes of the IGA and circumvent the *Weingarten* protection of the FLMRA.

pervisory staff in the course of carrying out their personnel responsibilities, the OIG agent is not a "representative" of the employee's agency for purposes of section 7114(a)(2)(B).

Just as an FBI agent questioning a DOJ employee concerning the employee's alleged criminal conduct would be a "representative" of the DOJ for some purposes, but not for the purposes of section 7114(a)(2)(B), an OIG agent, pursuing bona fide IGA functions, is similarly not limited by the *Weingarten* provision. Thus, we do not agree with the Third and Eleventh Circuits that section 7114(a)(2)(B) applies to questioning by an OIG agent simply because the inquiry concerns "possible misconduct" of employees "in connection with their work," *DCIS/FLRA,* 855 F.2d at 100, or because the information obtained might be used "to support administrative or disciplinary actions," *FLRA/ NASA,* 120 F.3d at 1213. In *DCIS/FLRA,* the interrogated employees were suspected of shooting through the window of the home of a supervisor, *see DCIS/FLRA,* 855 F.2d at 95, and in *FLRA/NASA,* of planning violence against co-workers, *FLRA/NASA,* 120 F.3d at 1210.

The pending case involves interrogation about matters within the scope of bona fide functions of the IGA, and there is no indication that OIG agents were called in merely to conduct questioning normally undertaken by DOJ supervisory personnel. One set of employees was questioned about allegations of serious criminal offenses, including the acceptance of bribes. The other set of employees was questioned about violations of the INS District Director's policy prohibiting INS detention enforcement officers from purchasing or carrying personal firearms. We therefore conclude that section 7114(a)(2)(B) was inapplicable to the interrogation of any of the INS employees questioned in this case, and that none of the respondents committed a ULP.

In ruling that the applicability of section 7114(a)(2)(B) turns on the scope of the interrogation, we make no ruling as to whether OIG agents must specify in advance the subject matter of their interrogation. Our ruling means that the OIG agents disregard the *Weingarten* protections at their peril: if it is later determined that the inquiry concerned matters beyond the scope of IGA functions, the OIG risks a finding of an unfair labor practice and a possible prohibition against taking action against the employees on the basis of the interrogation.[9] In view of the broad scope of IGA functions, however, the risk that questioning by an OIG agent without the presence of a union representative would violate section 7114(a)(2)(B) seems remote.

### Conclusion

For these reasons, the FLRA's petition for enforcement is denied.

---

**9.** One element of the FLRA's remedy order in this case is to prohibit the respondents from "tak[ing] disciplinary or other action against [the interrogated employees] as a result of any information acquired as a result of their examinations by agents of the Office of the Inspector General." *See DOJ–INS–NY,* 1996 WL 560250, at *9. We intimate no views on whether this provision would be valid in a case to which section 7114(a)(2)(B) applied.